IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZALETTA WATSON, et al. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00912-S-BT |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| SERVICES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Motions to Dismiss filed by Defendant Texas Department of Family and Protective Services (DFPS) (ECF No. 42), former defendant Empower Child Services Inc. (Empower) (ECF No. 56), and non-party Texas Family Initiative, LLC (TFI) (ECF No. 53). Also before the Court are Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 39) and Plaintiffs' Request for Clerk's Entry of Default and Motion for Default Judgment (ECF No. 50). For the reasons stated, the District Judge should: (1) **GRANT in part** DFPS's Motion to Dismiss; (2) **DENY as moot** TFI and Empower's Motions to Dismiss; (3) **DENY** Plaintiffs' Motion for Default Judgment; and (4) **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint.

## BACKGROUND

On February 1, 2025, DFPS temporarily removed Plaintiffs' five minor children following allegations of physical abuse and neglect. *See* Am. Compl. 1 (ECF No. 13); *see also* Original Compl., at 15–40, SAPCR Pet. (ECF No. 3). [1]

Two days later, DFPS filed a SAPCR petition in state court, *see State of Texas v. Watson*, Cause No. JC-25-00235, seeking a temporary managing conservatorship over Plaintiffs' children and, if reunification cannot be achieved, termination of Plaintiffs' parental rights and a permanent conservatorship. *See* Original Compl., at 15–40 SAPCR Petition (ECF No. 3). Plaintiffs do not dispute that the state court action is ongoing. *See* DFPS Mot. Dismiss Br. at 3–4 (ECF No. 42-1); Resp. (ECF No. 45).

---

[1] Plaintiffs attached the SAPCR petition, along with its supporting affidavit, to their Original Complaint. *See* ECF No. 3 at 15–40. The Affidavit states that DFPS received several referrals relating to physical abuse and neglect of Plaintiffs' minor children. *See id.* 28, 32–33, 36, 38–39. Specifically, in December 2024, Plaintiff Gregory Pluviose "shot a gun at the neighbor" and "at the ceiling," while his minor children were home. *See id.* at 28. Pluviose was taken to jail, but the firearm allegedly used in the shooting "was not secured and accessible to the children." *Id.* The following month, Plaintiffs brought the children to the hospital for a "Sexual Assault Nurse Examination" alleging that the children "had been raped," but Plaintiffs left the hospital before any examination could be conducted. *Id.* A few days later, however, Plaintiffs brought the children back to the hospital, where they told staff that the family had been "stalked, drugged, and sexually assaulted." *See id.* at 39. Police officers allegedly reviewed the security footage at the Motel 6 on Regal Row—Plaintiffs' temporary home—but found no consistent or corroborating evidence. *Id.* 33, 39. Plaintiff Watson also allegedly told hospital staff that the children's maternal grandfather and Plaintiff Pluviose had molested the children. *Id.* 28. Both Plaintiffs were placed on a psychiatric hold at the hospital and both tested positive for methamphetamines. *Id.* 32. According to the affidavit, the children admitted to being touched inappropriately and being "poked with needles." *Id.* 33.

On April 11, 2025, Plaintiffs filed this pro se civil action. *See* Original Compl. (ECF No. 3). In the Amended Complaint—Plaintiffs' live pleading—Plaintiffs bring various claims against DFPS. *See generally* Am. Compl. (ECF No. 13). Liberally construed, Plaintiffs appear to assert claims under 42 U.S.C. § 1983 and state law. *Id.* DFPS moves to dismiss Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6). DFPS's motion is fully briefed and ripe for determination.

Also pending before the Court are Motions to Dismiss filed by non-parties Empower (ECF No. 56) and TFI (ECF No. 53), Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 39), and Plaintiffs' Request for Clerk's Entry of Default and Motion for Default Judgment (ECF No. 50).

## DISCUSSION

A. <u>DFPS is immune from suit.</u>

DFPS moves for the dismissal of all of Plaintiffs' claims, arguing that the suit is barred by Eleventh Amendment immunity and various abstention doctrines, and that the complaint fails to state a claim under Rule 12(b)(6). DFPS Br. ISO Mot. Dismiss (ECF No. 42-1).

When dismissal under both 12(b)(1) and 12(b)(6) grounds apply, the Court should dismiss only on the jurisdictional ground under 12(b)(1), without reaching the merits of the claim under 12(b)(6). *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Accordingly, the Court considers DFPS's jurisdictional attack first.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.*

Lack of subject matter jurisdiction may be found by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." Fed. R. Civ. P. 12(b)(1); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotation marks omitted). And Rule 12(b)(1) dismissal is appropriate if a claim is barred by

Eleventh Amendment sovereign immunity. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

Under the Eleventh Amendment, "[t]he State of Texas, its agencies, and state officials . . . are protected from suit in federal court by sovereign immunity, unless the legislature waives that immunity." *Williams v. Collier*, No. 3:24-CV-00103-G-BT, 2024 WL 3836569, at *6 (N.D. Tex. June 20, 2024) (Rutherford, J.), *rec. adopted*, 2024 WL 3841482 (N.D. Tex. Aug. 15, 2024), *aff'd*, No. 24-10811, 2025 WL 1672375 (5th Cir. June 13, 2025) (citing *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) and *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996)); *see also*, *e.g.*, *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (A state agency is "a state instrumentality" and a suit against a state agency is effectively a suit against the state.).

DFPS is a Texas agency and is thus entitled to Eleventh Amendment immunity. *See* Tex. Hum. Res. Code § 40.002(c) ("[DFPS] is the *state agency* designated to cooperate with the federal government in the administration of programs."); *Wauson v. Texas Dep't of Fam. & Protective Servs.*, No. A-08-CA-051-SS, 2008 WL 11419033, at *2 (W.D. Tex. July 28, 2008) ("[T]he Texas Department of Family and Protective Services [is] clearly a state agency and entitled to Eleventh Amendment Immunity.").

Liberally construed, Plaintiffs Amended Complaint asserts claims against DFPS for deprivations of various constitutional rights under 42 U.S.C. § 1983,

state-law tort claims, and claims for declaratory relief. *See* Am. Compl. 3–4. But § 1983 "does not abrogate" Eleventh Amendment immunity. *See United States v. Abbott*, 85 F.4th 328, 333 n.2 (5th Cir. 2023). And to the extent that Plaintiff asserts state-law tort claims against DFPS, the Texas Tort Claims Act, too, "does not waive immunity from suit in federal court." *Williams*, 2024 WL 3836569, at *6 (citing *Gonzales v. Hunt Cnty. Sheriff's Dep't*, No. 3:20-CV-3279-K, 2021 WL 2580556, at *2 (N.D. Tex. June 23, 2021) and Civ. Prac. & Rem. Code § 101.102(a)). Additionally, "the Declaratory Judgment Act does not provide an independent basis for jurisdiction; it merely provides a different form of remedy in a case in which jurisdiction exists." *Acosta v. Univ. of Texas at El Paso*, No. EP-06-CA-408-H, 2007 WL 9701442, at *2 (W.D. Tex. Apr. 11, 2007) (citing *Port Drum Co. v. Umphrey*, 852 F.2d 148, 151 (5th Cir. 1988)). "A litigant cannot circumvent Eleventh Amendment immunity by pleading a claim under the Declaratory Judgment Act." *Id.*

To be sure, Plaintiff argues that the *Ex Parte Young* exception to sovereign immunity applies. *See* Resp. 4 (ECF No. 45) (citing *Ex Parte Young* 209 U.S. 123 (1908)). But *Ex Parte Young* "does not apply to suits against state agencies." *Bryant v. Texas Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015).

Accordingly, the District Judge should dismiss Plaintiffs' claims against DFPS because those claims are barred by Eleventh Amendment immunity. *See Warnock*, 88 F.3d at 343.

B.  <u>TFI and Empower are not parties to this action.</u>

TFI and Empower move to dismiss Plaintiffs' Complaint. (ECF Nos. 53, 56). But neither entity is a party to this action. As TFI concedes, it has "never been named in a live pleading, served with process, or identified in any allegation . . .." *See* TFI Br. Am. Mot. Dismiss 1 (ECF No.54). Further, although Plaintiffs' Original Complaint named Empower as a defendant, Plaintiffs' Amended Complaint—the live pleading—removed Empower as a party. *Compare* Original Compl. (ECF No. 3); *with* Am. Compl. (ECF No. 13); *cf.* Mot. Leave at Ex. 1, Proposed 2d Am. Compl. (ECF No. 39-1) (seeking to re-add Empower as a Defendant). Indeed, the Amended Complaint does not assert claims against—or seek damages from—Empower. *See* Am. Compl. (ECF No. 13).

The Federal Rules of Civil Procedure do not provide for a non-party to file a motion to dismiss under the circumstances present here. *See Kase v. Columbia Cnty. Ct.*, No. 4:19-cv-1569, 2020 WL 5506005, at *3 (M.D. Pa. July 30, 2020), *rec. adopted*, 2020 WL 5501370 (M.D. Pa. Sept. 11, 2020) ("Apparently out of an abundance of caution, [the non-party] has moved to dismiss any claims against him. But [the non-party] is not named as a defendant in . . . either the original complaint or the currently operative amended complaint . . . Accordingly, we recommend that the motion to dismiss be denied as moot with respect to the non-party movant."); *Ross v. Jenkins*, No. 17-2547-DDC-TJJ, 2019 WL 2501865, at *1 (D. Kan. June 17, 2019) ("[The Federal Rules of Civil Procedure] do not authorize strangers to the action to insert themselves as parties simply by making a filing

7

that says it's so. Plaintiff has asserted no claims against [the movants], and the court has entered no judgment against them. The court thus denies the Motions to Dismiss . . . filed by the non-party movants . . ..”); *Lumumba v. Marquis*, No. 2:13 CV 69, 2013 WL 5429429, at *6 (D. Vt. Sept. 30, 2013) (“Given that they are not identified as defendants in [the plaintiff's] Amended Complaint, [movants] are no longer parties to the case. It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect. Motions to dismiss filed by non-parties should be denied as moot.”); *Pope Invs. II, LLC v. Deheng L. Firm*, No. 10 CIV. 6608 LLS, 2012 WL 3526621, at *8 (S.D.N.Y. Aug. 15, 2012) (“[Movants,] each named a defendant in the first amended complaint, filed a motion to dismiss the second amended complaint, apparently unaware that they are no longer named as defendants. That motion is denied as moot.”); *PFIP, LLC v. Apsen Total Fitness Centereach, LLC*, No. 06-CV-108-JD, 2006 WL 1644623, at *1 (D.N.H. June 7, 2006) (“The motion to dismiss and/or transfer is terminated as having been improperly filed by nonparties.”); *cf., e.g.*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (explaining that an amended complaint generally supersedes an original complaint and renders it of no legal effect).

Thus, the District Judge should deny as moot the Motions to Dismiss filed by TFI and Empower (ECF Nos. 53, 56).

C. <u>Plaintiffs are not entitled to a default judgment against Empower.</u>

Plaintiffs move for a default judgment against Defendant Empower under Rule 55. *See* ECF No. 50. But Plaintiffs' live pleading removed Empower as a

8

defendant, and the Court cannot grant a default judgment against a party who has been dismissed from a case.

Furthermore, a plaintiff must satisfy three steps to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the court. Fed. R. Civ. P. 55; *See also, e.g.*, *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" (step one) occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will "enter a default" (step two) when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). And finally, after the clerk's entry of default, a plaintiff may apply to the court for a "default judgment" (step three). *Id.*

These steps have not been satisfied here. Empower, who has been removed as a defendant, is not in default; and, the Clerk has not entered a default, Thus, the District Judge cannot enter a default judgment. *See id.*

D. <u>The Court should deny leave to amend.</u>

Plaintiffs move for leave to file a Second Amended Complaint under Federal Rule of Civil Procedure 15. *See* Mot. Leave (ECF No. 39).

Rule 15 provides that "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Rule 15(a) requires that courts freely grant leave to amend "when justice so requires."

9

Fed. R. Civ. P. 15(a)(2); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)

But leave to amend "is by no means automatic" and is "entrusted to the sound discretion of the district court." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (*quoting Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). To determine futility a court must apply the same standard as applies under Rule 12(b)(6). *Id.* (citations omitted).

Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain enough factual matter to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the

complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Here, Plaintiffs' proposed amendment is fatally infirm and would be subject to dismissal if leave were granted. Thus, granting leave to amend would be futile and cause needless delay. First, based on the allegations in the proposed amendment, DFPS would be entitled to Eleventh Amendment immunity, and Plaintiff pleads no facts showing that such immunity is waived. Second, the allegations against Empower, even liberally construed, are conclusory and devoid of factual support. *See* Prop. 2d Am. Compl. (ECF No. 39-1). Plaintiffs plead no

11

facts from which the Court can infer more than the mere possibility of misconduct by Empower. Further, Plaintiffs' proposed amendment does not comply with the federal pleading requirements. *See* Fed. Rule Civ. P. 8(a) (requiring a short and plain statement of the claims); Fed. R. Civ. P. 10(b) (requiring a party to state its claims in "numbered paragraphs."). Accordingly, the District Judge should deny Plaintiffs leave to amend their Amended Complaint.

## Recommendation

For the reasons stated, the undersigned **RECOMMENDS** the District Judge: (1) **GRANT in part** DFPS's Motion to Dismiss; (2) **DENY as moot** TFI and Empower's Motions to Dismiss; (3) **DENY** Plaintiffs' Motion for Default Judgment; and (4) **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint.

**SO RECOMMENDED**.

March 11, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).